## Albion Wheeler

### v.

## Albert Fishell et al.

*Sales—Patent Right—Construction of Contract—Acceptance by Parties Not Signing—Delay—Reasonable Time—Propositions of Law.*

In an action brought to recover a sum named in a contract as the consideration of a deed of the right to an invention within a certain specified territory, this court holds, that under the same, the tender of a deed was necessary to complete the right of action for the sum in question; that the acceptance of the contract by defendants, though without signing it, made it binding on them upon tender within a reasonable time and not a mere option, and that the same was not made within such time.

[Opinion filed February 14, 1890.]

In error to the Circuit Court of Pike County; the Hon. C. J. Scofield, Judge, presiding.

Mr. J. S. Irwin, for plaintiff in error.

Unilateral contracts or by deed poll are binding.  Bishop on Contracts, 55, 202, 1990; 2 Pars. Contracts, 290, n. 1; Conger v. C. & R. I. R. R. Co., 15 Ill. 366; Esmay v. Gorton, 18 Ill. 483; McFarlane v. Williams, 107 Ill. 33; Flanders v. Merrill, 38 Iowa, 583; Schmidt v. Glade, 126 Ill. 485.

A contract or deed can'not be delivered to the grantee as an escrow.    Seely v. Lewis, 5 Gilm. 30; McCann v. Atherton, 106 Ill. 31; Stevenson v. Crapnell, 114 Ill. 19;  Baum v. Parkhurst, 26 App. 128; Moss v. Ribble, 5 Cranch, 351.

The words "sell" and "transfer," in an assignment, amount to a deed: Railroad Co. v. Trimble, 10 Wall. 367; and no new deed or additional conveyance is necessary to perfect title. Gaylor v. Wilder, 10 How. 467 and 477; Railroad Co. v. Trimble, 10 Wall. 367.

As the original contract was an absolute conveyance to Fishell & Co., of the territory named, they could not rescind without a tender of reconveyance; even when the first default is on the part of the opposite party, the party wishing to rescind must offer to return what he has received.  Stevens v. Bradley, 22 Ill. 244; Graham v. Halloway, 44 Ill. 385; Staley v. Murphy, 47 Ill. 241; Anderson v. White, 27 Ill. 57; Buchenau v. Horney, 12 Ill. 336.   The rescission must be in *in toto*, and each party placed in *statu quo*.   Wolf v. Dietzsch, 75 Ill. 205;   Harzfeld v. Converse, 105 Ill. 534; Smith v. Brittenham, 98 Ill. 188.

Messrs. WIKE & HIGBEE and ORR & CRAWFORD, for defendants in error.

WALL, J.  On the 22d December, 1883, plaintiff in error executed and delivered to defendants in error the following instrument in writing:

"Whereas, I, Albion Wheeler, of Ridgeway, county of Winnishiek, State of Iowa, have invented a certain new and useful invention, or improvement, in a Loose Draft Equalizer, for which I am about to make application for letters patent to the United States; and whereas, Albert Fishell, W. T. Smith and L. R. Horner, of Pittsfield, county of Pike, and State of

Illinois, are desirous of acquiring an interest and ownership in said invention, together with any improvements on the same in the letters patent to be obtained therefor in all of the United States except Wisconsin, Minnesota, Dakota, Montana, Wyoming, Idaho, Washington, Oregon, and the five northern tiers of counties in Iowa, and that part of Nebraska, Utah, Nevada and California north of parallel forty-one, north latitude, being the same territory as sold to them this day of a Tongue Evener, under patent No. 241,105. Now, therefore, to all whom it may concern, be it known that for and in consideration of one dollar in hand paid to me, the receipt of which is hereby acknowledged, and an additional $1,000 to be paid to me upon the delivery of the deed, I, Albion Wheeler, have sold, assigned, transferred and set over, and by these presents do sell, assign, transfer and set over unto Albert Fishell, W. T. Smith and L. R. Horner, the full and exclusive right to said invention, together with all improvements on the same, in the territory named and fully described in the specifications, prepared and executed by me preparatory to obtaining letters patent of the United States therefor.

" Witness my hand and seal this 22d December, 1883.

" Albion Wheeler. [seal] "

Which, as the proof tends to show, was then and there accepted by defendants in error.

The plaintiff in error had then no patent for the invention nor did he make application therefor until May 26, 1885. The patent was issued January 5, 1886.

On the 25th June, 1885, plaintiff in error wrote to defendants in error advising them of the grant of letters patent (which was untrue) and asking when they " would prefer to have the deed issued out of the patent office so as to make the best of it as to time to be ready to work it while it is new." Fishell and Smith testified they received no such communication. Horner was not served and did not appear in the trial below.

On the 24th February, 1886, plaintiff in error executed a deed to defendants in error for the territory named in the contract and caused the same to be tendered not long afterward

to Fishell and Smith, at the same time demanding the money specified in the contract, $1,000. The payment not being made this suit was brought. The case was tried by the court, a jury being waived, and the issues were found for defendants. Judgment followed accordingly, from which a writ of error is prosecuted to this court by the plaintiff.

It will be noticed the contract specifies no time within which it is to be completed, and in such case the law would imply that it should be within a reasonable time. What would be a reasonable time depends upon circumstances, all of which should be taken into account including the relative situation of the parties and the nature of the subject involved. It is claimed by the plaintiff in error that the contract amounted to an assignment or conveyance of the patent for the territory mentioned and that it was unnecessary to make any other deed or conveyance therefor. The invention at that time was not perfected in the mind of the inventor as appears from the testimony, and the contract provided in express terms that a deed was to be made, when and not before the price was payable, and when and not before, as a necessary consequence, the right of the purchasers would be complete.

Defendants insisted and offered evidence to show that the contract intended merely to give them an option to buy or not at the price named, but as we construe it, the provision was for an absolute sale; and by accepting the contract, though they did not sign it, they became bound by its terms, and were required to pay the price named and take the deed, if tendered within a reasonable time.

If, however, the court trying the case was warranted by the evidence in concluding that the patent was not obtained and the deed therefor was not tendered within a reasonable time in view of all the circumstances, then the defendants were entitled to judgment. And this we consider the vital question in the case, upon the solution of which the whole controversy depends. The application was not filed in the patent office until May 26, 1885, seventeen months from the date of the contract, and the deed was not tendered to defendants until March 7, 1886, more than two years and two months from the

date of the contract. Considering the evidence as it appears in the record, we can not say the court was without warrant in the view that this delay was unreasonable. On the contrary, we are inclined to agree with such conclusion.

It might well be supposed that ordinary business men would not expect to be held in a state of uncertainty for so long a period—not only keeping the money in readiness but so ordering their other arrangements as to be in condition to take hold of the patent and push it while it was new. More especially might this be difficult and inconvenient, if not wholly impracticable, in the case of three men whose business relations and personal affairs might be greatly changed within such a time. Upon the merits the finding is according to, or at least supported by the proofs.

It is complained that the court modified the first proposition of law presented by the plaintiff by adding the qualification that the deed should be tendered " within the time contemplated by the agreement or within a reasonable time." The modification was right. We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*